UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JACOB JONES, <br><br> Defendant. | Case No. 2:18-CR-271-RSL <br><br> ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DEADLINE |

This matter comes before the Court on defendant Jacob Jones' "Second Motion to Continue Trial and Pretrial Motions Deadline." Dkt. #37. Having considered the facts set forth in the motion, and defendant's knowing and voluntary waiver,[1] the Court finds as follows:

1. The Court adopts the facts set forth in the motion; specifically, that defendant is currently undergoing treatment at an in-patient facility and is expected to finish the program by the end of the year. The Court accordingly finds that a failure to grant a continuance would deny counsel, and any potential future counsel, the reasonable time necessary for effective

---

[1] Defendant's motion requested a continuance of the trial date from June 10, 2019 to November 12, 2019. Dkt. #37 at 1. He filed a waiver of his right to a speedy trial, see 18 U.S.C. § 3161 *et seq*, and consented to a continuance of the date of the trial to any date up to and including November 30, 2019. Dkt. #38 at 1. The government did not object to the continuance, but requested a date in December 2019. Dkt. #39 at 2. In his reply, defendant stated that he had no objection to the Court moving his trial date to December 2019. Dkt. #40 at 1. He then filed a new waiver through March 30, 2020. Dkt. #41.

ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE
TRIAL AND PRETRIAL MOTIONS DEADLINE - 1

preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

2. The Court finds that a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i).

3. The Court finds that the additional time requested between June 10, 2019, and the proposed trial date of December 2, 2019 is a reasonable period of delay, as defendant will complete his in-patient program by the end of the year. The Court finds that this additional time is necessary to provide defense counsel reasonable time to prepare for trial, considering all the facts set forth above.

4. The Court further finds that this continuance would serve the ends of justice, and that these factors outweigh the best interests of the public and defendant in a speedier trial, within the meaning of 18 U.S.C. § 3161(H)(7)(A).

5. Defendant has signed a waiver indicating that he has been advised of his right to a speedy trial and that, after consulting with counsel, he has knowingly and voluntarily waived that right and consented to the continuation of his trial to a date up to and including March 30, 2020, Dkt. #41, which will permit trial to start on December 2, 2019, per defense counsel's request.

IT IS HEREBY ORDERED that the trial date be continued from June 10, 2019 to December 2, 2019.

IT IS FURTHER ORDERED that the pretrial motions deadline be continued to November 2, 2019.

IT IS FURTHER ORDERED that the period of time from the current trial date of June 10, 2019, up to and including March 30, 2020, shall be excludable time pursuant to the 18 U.S.C. § 3161, *et seq*. The period of delay attributable to this filing and granting of this motion is excluded for speedy trial purposes pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), and (h)(7)(B).

DATED this 23rd day of May, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE
TRIAL AND PRETRIAL MOTIONS DEADLINE - 3